UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| QUINCY J. CANNON  )  | |
|  ) Case Number | |
| Plaintiff  ) 1:24-cv-00035-JRH-BKE | |
|  ) | |
| v  ) Demand for Jury Trial | |
|  ) | |
| RICHMOND COUNTY SHERIFF'S  ) | |
| DEPARTMENT  ) | |
|  ) | |
| Defendant  ) | |

COMES NOW Plaintiff Quincy J. Cannon (hereinafter "Plaintiff") by and through his undersigned counsel, and files this Amended Complaint against Defendant Richmond County Sheriff's Department ("Defendant" or "Sheriff's Department") pursuant to a racially discriminatory constructive termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42

1

U.S.C. § 2000e, et seq which has deprived Plaintiff of his legal employment and lost wages.

2.	Plaintiff was employed by Defendant on June 2, 2018 and was acting as a Sheriff's Deputy when he was racially discriminated against and constructively fired on November 22, 2022.

3.	Plaintiff has exhausted his administrative remedies as required by the ADEA.

4.	A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (EEOC) to Plaintiff on February 5, 2020, (Charge No. 410-2023-04798), a true and correct copy of which is attached hereto. (See attached Exhibit A)

5.	Plaintiff timely filed a charge of discrimination against Defendant with the EEOC alleging race discrimination. (See attached Exhibit B)

6.	This action is being filed within the ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

7. Plaintiff seeks back pay, front pay and equal amounts of liquidated damages, punitive damages, compensatory damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendant has its principal office in this District and is subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff resides in Grovetown, Georgia.
11. Plaintiff is a citizen and resident of Columbia County, Georgia.
12. Plaintiff's race is black or African American.

13. At all relevant times of this Complaint, Plaintiff was employed by Defendant as a Sheriff's Deputy working at Defendant's Sheriff's office located at 400 Walton Way, Augusta, GA 30901. (hereinafter "Defendant's Location")

14. Defendant conducts business within this State and District.

15. Defendant can be served at Richmond County Sheriffs Department/Office C/O Richmond County Sheriff, Sheriff Richard Roundtree, (or upon any other agent authorized to receive service of process) 400 Walton Way Augusta, GA 30901.

16. At all times material to this action, Plaintiff was an employee of Defendant.

## FACTUAL ALLEGATIONS

17. Plaintiff was hired by Defendant as a deputy jailer on June 2, 2018.

18. In November 2019, Plaintiff was promoted to Patrolman.

19. At all times relevant to this action, Plaintiff's primary duties were those of a deputy sheriff.

20. On November 11, 2022, Plaintiff responded to a call where an officer had been shot and shots were continued to be fired.

21. Plaintiff subsequently participated in the arrest of an extremely combative individual.

22. On November 22, 2022 the Georgia Bureau of Investigation ("GBI"), upon information and belief at the request of the Sheriff's Department, conducted a criminal investigation including an interrogation of Plaintiff.

23. Also on November 22, 2022 Plaintiff was interviewed as a part of an internal investigation by the Sherrif's Department.

24. After being interrogated for a possible excessive use of force on a handcuffed individual allegation, Plaintiff was instructed to return to work.

25. On December 13, 2022, Plaintiff was notified that a warrant for his arrest had been issued and he had until December 15, 2022 to turn himself in.

26. Plaintiff was arrested on December 15, 2022, bonded out, and placed on paid leave.

27. A report was made to the Georgia Peace Officer Standards & Training Council ("Post') and Plaintiff's Certification to work in the State of Georgia in his chosen profession was rescinded.

28. On December 20, 2022 Plaintiff was contacted by the Chief Deputy of the Sheriff's Department and told by him to resign or be terminated.

29. On that day in an email, Plaintiff sent to the Sheriff's Department a notice of resignation in lieu of termination.

30. Subsequently Plaintiff then was told by the Chief of Police to submit a voluntary letter of resignation, which he did.

31. Plaintiff's last day of employment with Defendant was on December 22, 2022.

32. On May 9, 2023 a grand jury failed to indict Plaintiff.

33. On June 26, 2023 Plaintiff was hired as an Officer with the Wrens City Police Department at an hourly pay rate of $2.20 less than what he had previously been earning when employed by Defendant.

34. During his employment with Defendant, the white sheriff deputy employees were treated better than Plaintiff, a black employee, when it came to such things as requests for GBI investigations, initiation of internal investigations, suspensions, and negative reports to the Georgia Peace Officer Standards & Training Council ("POST").

35. Ty Dailey ("Dailey"), a Caucasian deputy sheriff employed by Defendant was involved in an unnecessary use of force incident on a hand-cuffed individual – on or about October 18, 2022, but not reported by Dailey until December 9, 2022.

36. Upon information and belief, no internal or GBI investigation was requested or initiated.

37. Johnny Atkinson ("Atkinson"), a Caucasian deputy sheriff of Defendant, on or about May 7, 2022 was involved in an unnecessary use of force incident on a hand-cuffed individual.

38. Upon information and belief, no internal or GBI investigation was requested or initiated.

39. Upon information and belief Defendant instead promoted Atkinson the next week to the position of an Investigator.

40. Richard Parker ("Parker") a Caucasian deputy sheriff of Defendant was involved in an unnecessary use of force incident on a hand-cuffed individual on February 3, 2022.

41. Upon information and belief an investigation was conducted and Parker was inappropriately exonerated.

42. Amanda Donald ("Donald") a Caucasian deputy sheriff employed by Defendant was involved in unnecessary use of force incident on a hand-cuffed individual on July 9, 2021. Upon information and belief there was no investigation, no GBI involvement and no suspension.

43. Brandon Keathley ("Keathley"), a Caucasian deputy sheriff employed by Defendant was involved in unnecessary use of force incident on another deputy on February 7, 2020. No GBI involvement.

Case 1:24-cv-00035-JRH-BKE   Document 7   Filed 05/06/24   Page 8 of 11

44. An investigation was conducted and Keathley was suspended for 30 days.

45. Keathley was subsequently indicted by a grand jury and four years later, and still on paid administrative leave, he awaits a trial.

## COUNT I (Race Discrimination)

46. Plaintiff repeats and incorporates by reference the above Paragraphs herein.

47. This is a claim to redress the unlawful employment practice of Race Discrimination by Defendant in its practice of treating Caucasian deputies much more favorably than Plaintiff because of his race and other racial discriminatory practices protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq .

48. Plaintiff is a black male and therefore a member of a protected class.

49. Plaintiff was qualified to perform his job duties.

50. Plaintiff had been satisfactorily performing his job duties.

51. Defendant directly, intentionally, and willfully discriminated against Plaintiff when it treated him differently and more severely than Caucasian deputies involved in similar incidents.

52. Defendant directly, intentionally and willfully discriminated against Plaintiff when they requested a GBI investigation.

53.     Defendant directly, intentionally and willfully discriminated against Plaintiff when it constructively terminated his employment.

54.     Plaintiff seeks, award of lost employment benefits and wages, back pay, interest, emotional distress damages, front pay, interest, liquidated damages, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

47.     Defendants' conduct was done with reckless indifference to Plaintiff's federally protected rights and Defendants failed to make good faith efforts to comply with Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.

§ 2000e, et seq.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays judgment in his favor in the form of an Order of this Court:

A.  Awarding Plaintiff back pay and benefits;
B.  Awarding Plaintiff front pay and benefits
C.  Awarding Plaintiff liquidated damages;
D.  Interest
E.  Emotional Distress Damages
F.  Punitive damages

G.      Awarding Plaintiff applicable injunctive relief and declaratory relief including but not limited to reinstatement as a fulltime retroactive to the date his employment was terminated;

H.      Awarding Plaintiff reasonable costs, including expenses and attorneys' fees; and

I.      Awarding Plaintiff any further relief as the Court deems just and proper.

Respectfully submitted this 6th day of May, 2024.

MARTIN & MARTIN, LLP
By: /s/Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(770) 344–7267

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **QUINCY J. CANNON** | ) |
| | ) Case Number |
| **Plaintiff** | ) 1:24-cv-00035-JRH-BKE |
| | ) |
| v | ) Demand for Jury Trial |
| | ) |
| **RICHMOND COUNTY SHERIFF'S DEPARTMENT** | ) |
| | ) |
| **Defendant** | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Amended Complaint in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system and to all attorneys of record

This 6th day of May, 2024

*/s/ Thomas F. Martin*

Thomas F. Martin
Martin & Martin LLP
PO Box 1070
Tucker, GA 30085
tfmartinlaw@msn.com
Georgia Bar No. 482595