# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **QUINCY J. CANNON,**<br>3108 Ridgefield Dr Grovetown, Ga 30813<br>Plaintiff,<br><br>VS.<br><br>**SHERIFF RICHARD ROUNDTREE,**<br>686 Riverfront Dr Augusta, Ga 30901,<br><br>**Chief Deputy Patrick Clayton (Retired),**<br>4153 Eagle Nest Dr Evans, Ga 30809,<br>Defendants. | CIVIL ACTION FILE NO.:<br><br>CV 124-035<br><br>**JURY TRIAL DEMANDED**<br><br>COMPLAINT<br><br>DAMAGES<br><br>INJUNCTIVE RELIEF |

1

## **AMENDED COMPLAINT**

COMES NOW, Plaintiff Quincy J. Cannon (hereinafter "Deputy Cannon" or Plaintiff) in his Amended Complaint against the Defendants Sheriff Richard Roundtree and Chief Deputy Patrick Clayton (collectively "Defendants"), and shows the Court as follows:

## **INTRODUCTION**

1. The instant action arises from Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq which has deprived Plaintiff of his legal employment and lost wages.

2. Plaintiff was employed by Defendant on June 2, 2018, and was acting as a Sheriff's Deputy when he was racially discriminated against and **constructively** fired on December 22nd, 2022.

3. Plaintiff has exhausted his administrative remedies as required by title VII.

4. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (EEOC) to the Plaintiff on February 5th, 2024, (Charge No. 410-2023-04798), a true and correct copy of which is attached hereto.

5. Plaintiff timely filed a charge of discrimination against Defendant with in EEOC alleging race discrimination.

6. This action is being filed within the ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

7. Plaintiff seeks back pay, front pay and equal amounts of liquidated damages, punitive damages, compensatory damages, attorneys fees, cost, and other appropriate relief.

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff is a **black male, dark skin complexion, African American**. Plaintiff was a Richmond County Deputy at the RCSO from June 2nd, 2018, to December 22nd, 2022, and as such was an employee of Sheriff Richard Roundtree in his Official Capacity, who is the Plaintiff employer for Title VII purposes.

9. Sheriff Richard Roundtree, in his Official Capacity, is the Title VII employer with **more than 15 employees**, and upon information and belief, the Sheriff controlled the terms of Plaintiff's employment under the O.C.G.A § 15-16-23. Upon information and belief, as Sheriff of Richmond County, Sheriff Richard Roundtree has final responsibility for the supervision and hiring, promotions, and termination decisions of all employees of the Richmond County Sheriff's Office, including Deputies.

10. Sheriff Richard Roundtree, an **African American**, is sued in his official and individual capacities as a policymaker and supervisor for actions and/or inactions taken under color of law, though not necessarily within the law, as Sheriff of Richmond County, Georgia.

11. (Retired) Richmond County Sheriff's Office Chief Deputy Patrick Clayton, a **White Caucasian American**, is sued individually for actions taken under the color of, though not necessarily within the law, while he was employed as an officer with the Richmond County Sheriff Office.

12. This Court has subject matter jurisdiction over Plaintiff's claims against Defendants for discrimination for opposition to race discrimination in public employment under 42 U.S.C. § 2000e, et seq. ("Title VII"), and for deprivations of federal rights under 42 U.S.C. §§ 1981, 1983 and 1985(3), under the jurisdiction authority of 28 U.S.C. § 1331

(federal question jurisdiction) and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq 29 U.S.C. § 216(b) (FLSA).

13. All Defendants are sued alternatively both individually and jointly, or for acting in conjunction with each other, causing one or more deprivation of rights and injuries to Plaintiff.

14. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendant has its principal office in this District and is subject to personal jurisdiction in this District.

## FACTS

15. Plaintiff was hired by Defendant as a Deputy Jailer on June 2nd, 2018. In November 2019, Plaintiff was promoted to the Road Patrol Division as a Law Enforcement Peace Officer of the State of Georgia. At all times relevant to his action, Plaintiff's primary duties were those of a Deputy Sheriff in the State of Georgia. On November 11th, 2022, Plaintiff responded to a call where Deputy Michael Cole was shot in the face and shots were continued to be fired on the scene. Plaintiff subsequently participated in the arrest of an extremely combative individual, Vernon Cratic. On November 22nd, 2022, approximately eleven (11) days later the Georgia Bureau of Investigation ("GBI"), upon information and belief, conducted a criminal investigation including an interrogation of the Plaintiff at the request of the Sheriff Office, Chief Deputy Patrick Clayton on November 11th, 2022.

16. Also on November 22nd, 2022, Plaintiff was interviewed as a part of an internal affairs investigation by the Richmond County Sheriff's Office at the request of Chief Deputy Patrick Clayton. After being interrogated for a possible excessive use of force on a handcuffed individual allegation, Plaintiff was instructed to returned to work.

4

17. On December 13th, 2022, Plaintiff was notified that a warrant for his arrest had been issued and he had until December 15th, 2022, to turn himself in. Plaintiff was arrested on December 15th, 2022, bonded out, and placed on paid leave. A report was made to the Georgia Peace Officer Standards & Training Council ("POST") and Plaintiff Certification to work in the State of Georgia in his chosen profession was rescinded.

18. On December 20th, 2022, Plaintiff was contacted by the Chief Deputy Patrick Clayton of the Richmond County Sheriff Office stating that Plaintiff needs to resign, or he will be terminated by tomorrow. On that day in an email, Plaintiff sent to Chief Deputy Patrick Clayton a notice of resignation in lieu of termination. Subsequently Plaintiff was then told by Chief Deputy Patrick Clayton to submit a voluntary letter of resignation, which he did. Plaintiff's last day of employment with the Defendant was on December 22nd, 2022.

19. On May 9th, 2023, a **Grand Jury failed** to indict the Plaintiff.

20. Approximately on May 15th, 2023, Georgia Peace Officer Standards and Training awarded Plaintiff his Law Enforcement Certification back <u>restoring his arrest powers back in the State of Georgia.</u>

21. On June 8th, 2023, Chief Deputy Patrick Clayton informed the Plaintiff via telephone that he had spoken with Sheriff Richard Roundtree. The Plaintiff was notified that the Sheriff would not permit him to return to work at the RCSO for Defendant due to the actions in striking a handcuffed subject in the face.

22. On June 26th, 2023, Plaintiff was hired as an Officer with the City of Wrens Police Department at an hourly rate less than **$2.20** what he had previously been earning when employed by the Defendant. On July 2024 Plaintiff began working at Taliaferro County Sheriff's Office at an hourly rate less than **$0.57** what he was previously earning at the Richmond County Sheriff's Office.

## COMPARATORS

23. During his employment with the Defendant, the **white Caucasian** Sheriff Deputy employees were treated better than Plaintiff, a black employee, when it came to such things as use of force, request for GBI investigation for hard hand techniques to subjects in handcuffs, Internal Affairs Investigations, Negative reports to Georgia Peace Officer Standards and Training ("POST") for police misconducts.

24. Corporal Ty Dailey ("Dailey"), a **Caucasian Deputy** Sheriff employed by Defendant was involved in an unnecessary use of force incident on a <u>hand-cuffed individual</u> – on or about October 18th, 2022, but not reported by Dailey until December 9th, 2022. According to information and belief, no internal or GBI investigation was requested or initiated.

25. Johnny Atkinson ("Atkinson"), a **Caucasian light skin complexion Deputy** Sheriff employed by the Defendant on or about May 7th, 2022, was involved in an unnecessary use of force incident on a <u>hand-cuffed individual</u>. According to information and belief no internal or GBI investigation was requested or initiated. Defendant instead promoted Atkinson the next week to the position of an Investigator.

26. Richard Parker ("Parker") a **Caucasian Deputy** Sheriff employed by the Defendant was involved in an unnecessary use of force incident on a <u>hand-cuffed individual</u> on February 3rd, 2022. Upon information and belief an investigation was conducted, and Parker was inappropriately exonerated.

27. Amanda Donald ("Donald") a **Caucasian Deputy** Sheriff employed by Defendant was involved in an unnecessary use of force incident on a <u>hand-cuffed individual</u> on July 9th, 2021. According to information and belief there was no investigation, no GBI involvement and no suspension.

28. Brandon Keathley ("Keathley"), a **Caucasian Deputy** Sheriff employed by the Defendant was involved in an unnecessary use of force incident on another Deputy on

February 7th, 2020. No GBI involvement. An Internal Affairs investigation was conducted and Keathley was suspended for thirty (30) days without pay. The District Office, District Attorney Natalie Paine investigated the incident and sent the case to a grand jury. Keathley was subsequently **indicted by a grand jury for two felonies** and four years later and still on paid administrative leave, he awaits trial.

## COUNT 1 (Race Discrimination)

29. Plaintiff repeats and incorporates by reference the above paragraphs herein. This is a claim to redress the unlawful employment practice of race discrimination by Defendant in its practice of treating Caucasian Deputies much more favorably than Plaintiff because of his race and other racial discriminatory practices protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

30. Plaintiff is a **black male** and therefore a member of a protected class

31. Plaintiff was qualified to perform his job duties as a Law Enforcement Officer in the State of Georgia.

32. Plaintiff had been satisfactorily performing his job duties as a Deputy Sheriff for the Defendant.

33. Defendant directly, intentionally, and willfully discriminated against Plaintiff when they treated him differently and more severely than the **Comparator Caucasian Deputies** involved in similar Use of Force incidents.

34. Defendant directly, intentionally and willfully discriminated against Plaintiff when Chief Deputy Patrick Clayton requested a GBI investigation against Plaintiff and conducted an Internal Affairs Investigation when other similar incident did not go through the same process.

35. Defendant directly, intentionally and willfully discriminated against Plaintiff when it constructively terminated his employment.

36. Defendant directly, intentionally, and willfully discriminated against Plaintiff when Chief Deputy Patrick Clayton stated Plaintiff cannot return to this employment due to **striking a handcuff subject in the face.**

7

37. Plaintiff seeks award of loss of employment benefits and wages, back pay, interest, emotional distress damages, front pay, interest, liquidated damages, costs, attorney's fees, and all such other relief the trier of fact may assess.

38. Defendants conduct was done with reckless indifference to Plaintiff federal protected rights and Defendant failed to make good faith efforts to comply with Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A. A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b).

B. Find that Defendant Sheriff Richard Roundtree, in his official capacity, is liable to Plaintiff for his Title VII retaliation for at least back pay, prejudgment interest, front pay, and further relief appropriate under the law and in an amount to be determined by at trial.

C. Damages for injuries caused by deprivation rights under federal law.

D. Compensatory damages as allowed by law for deprivation of rights under federal law.

E. Punitive damages as allowed by law for deprivation rights under federal law.

F. Award Plaintiff his reasonable attorney's fees and expenses of litigation; and

G. Any and other such relief that this Honorable Court or the Finder of Fact deems necessary and just.

Respectfully submitted this 4th day of September 2024.

By: **Quincy J. Cannon**
quincyjcannon@gmail.com
3108 Ridgefield Drive Grovetown, Georgia, 30813
706-231-4829