U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 23 2024

FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **QUINCY J. CANNON,**<br>3108 Ridgefield Dr Grovetown, Ga 30813<br>Plaintiff,<br><br>VS.<br><br>City of Augusta/Richmond County<br>Sheriff's Department<br>Defendants. | CIVIL ACTION FILE NO.:<br>1:24-cv-00035<br><br>**JURY TRIAL DEMANDED**<br><br>DAMAGES<br><br>INJUNCTIVE RELIEF |

1

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Quincy J. Cannon, respectfully requesting that the Court deny the motion to dismiss filed by the defendants' counsel. The plaintiff has presented compelling factual allegations and evidence, including comparator examples, which demonstrate discriminatory actions by the defendants. This evidence substantiates that the plaintiff's claims are plausible, warranting a denial of the motion to dismiss and allowing the case to proceed to a full hearing.

Plaintiff asserts that Defendants Sheriff Richard Roundtree and Chief Deputy Patrick Clayton can be held liable in their individual capacities under exceptions for malicious intent or bad faith, violations of constitutional rights, and negligence in their ministerial duties. This argument is supported by relevant case law, including Harlow v. Fitzgerald, 457 U.S. 800 (1982) and McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

## FACTUAL BACKGROUND

Plaintiff, Quincy J. Cannon, is proceeding pro se in this complaint. The plaintiff seeks to file a corrective complaint against the defendants under 42 U.S.C. § 2000e, et seq. ("Title VII"), and for deprivations of federal rights under 42 U.S.C. §§ 1981, and 1983, under the jurisdictional authority of 28 U.S.C. §§ 1331 and 1343(a) (1-4), where venue is proper under 28 U.S.C. § 1391(b) and (c). The evidence, including documented instances and video footage, shows differential treatment compared to similarly situated individuals, substantiating claims of discriminatory actions by the defendants.

## ARGUMENT REBUTTAL

### A. Second Amended Complaint

As detailed in Docket No. 19, the plaintiff filed a motion for leave to amend the complaint on October 15, 2024. A response to this motion is currently pending. The plaintiff believes this amendment is essential to accurately reflect the claims and parties involved.

### B. Service of Process

Following the decision on Docket No. 19, the plaintiff intends to file the summons and waiver with both Sheriff Richard Roundtree and Chief Deputy Patrick Clayton. The plaintiff seeks to voluntarily remove the city of Augusta/Richmond County Sheriff's Department, as previously filed by former attorney Thomas Martin. The plaintiff has communicated with the defendants' attorney and intends to use the defendants' law firm address for service.

### C. Individual Capacity of Sheriff Richard Roundtree and Chief Deputy Patrick Clayton

Government officials can be held liable in their individual capacities. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the court established that government officials are entitled to qualified immunity rather than absolute immunity, meaning they are protected from lawsuits unless they violated clearly established statutory or constitutional rights of which a reasonable person would have known. Sheriff Richard Roundtree and Chief Deputy Patrick Clayton were aware of incidents involving the comparator, Ty Dailey, and the incident involving the plaintiff, Quincy J. Cannon, both occurring during the same timeframe. A reasonable person in their position should have recognized the implications of differential treatment in these similar incidents.

### RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant the following relief:

A. Deny the defendants' motion to dismiss.
B. Grant the plaintiff permission to file the corrective complaint.
C. Grant any other relief the Court deems just and proper.

### CONCLUSION

In conclusion, plaintiff Quincy J. Cannon respectfully requests that the Court deny the defendants' motion to dismiss. The substantial evidence presented indicates that the plaintiff's claims are plausible and warrant a thorough examination. Furthermore, the defendants may be liable for their actions under relevant legal standards.

Respectfully submitted this 23rd day of October 2024.

By: Quincy J. Cannon
**Email:** quincyjcannon@gmail.com
**Address:** 3108 Ridgefield Drive, Grovetown, Georgia, 30813
**Phone:** 706-231-4829