IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| QUINCY J. CANNON, | |
| | CIVIL ACTION NO. |
| v. | 1:24-cv-00035 |
| | |
| CITY OF AUGUSTA/RICHMOND COUNTY ET AL | |

## MOTION TO QUASH SUBPOENA FOR GRAND JURY TRANSCRIPTS

COMES NOW the undersigned, on behalf of Hon. Jared Williams in his official capacity as District Attorney for the Augusta Judicial Circuit (the "DA"), and files this Motion to Quash in response to a subpoena issued by Plaintiff for Grand Jury Transcripts, and shows this Court the following:

1. On October 30, 2024, the DA received via email from Plaintiff a subpoena for the production of "Relevant Documents on May 9th 2023 Grand Jury Transcript of Quincy Cannont vs State of Georgia. Person included in transcripts would be GBI Agent Kris Lapham. Any other documents listed in the motion." (Exhibit "1").

1

2. On October 31, 2024, the undersigned attempted to resolve this matter by phone and by email and was unsuccessful, necessitating this motion.

3. Under Federal Rules of Civil Procedure Rule 45(d)(3)(A)(ii), "[o]n timely motion, the court of the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies."

4. Under both federal and Georgia law, grand jury secrecy is considered of the utmost importance. See, e.g., *Henry v. Attorney Gen., Alabama*, 45 F.4th 1272, 1283-84, (11th Cir. 2022), *U.S. v. Aisenberg*, 358 F.3d 1327, 1346-49 (11th Cir. 2004), *In re Gwinnett County Grand Jury*, 668 S.E.2d 682, 684, 284 Ga. 510 (Ga. 2008).

5. "The Supreme Court has identified four interests served by grand jury secrecy laws: (1) many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony; (2) witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements; (3) those about to be indicted might flee, or might try to influence

individual grand jurors to vote against indictment; and (4) people accused but exonerated by the grand jury would be held up to public ridicule." *Henry v. Attorney Gen., Alabama*, 45 F.4th 1272, 1283–84, 29 Fla. L. Weekly Fed. C 1583, 2022 WL 3453101 (11th Cir. 2022), cert. denied sub nom. *Henry v. Marshall*, 143 S. Ct. 1025, 215 L. Ed. 2d 190, 2023 WL 2563338 (2023), quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219, 218-19, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) (internal quotation marks and brackets omitted). Under Georgia law, grand jury proceedings are confidential and defendants are not entitled to the transcripts. *Ruffin v. State*, 656 S.E.2d 140, 142, 283 Ga. 87 (Ga. 2008).

6. For this Court to order compliance with this subpoena, Plaintiff has the burden to show: (1) that the material they seek is needed to avoid a possible injustice in another proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that Plaintiff's request is structured to cover only material so needed. The burden of demonstrating that the need for disclosure outweighs the need for, and public interest in, secrecy rests upon the private party seeking disclosure. In order to carry this burden, the party seeking disclosure of

grand jury material must show a compelling and particularized need for disclosure. To show a compelling and particularized need, the private party must show circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process. Even when persons requesting disclosure have carried the burden of showing that they have a compelling and particular need for the grand jury material in order to avoid an justice and that their need for disclosure outweighs the secrecy need, access is limited and covers only those materials actually needed. *Aisenberg, supra*, 358 F.3d at 1347-49 (quotation marks, citations, and other language omitted).

7. Plaintiff alleges that Chief Deputy Patrick Clayton requested Plaintiff resign or be terminated, and voluntarily resigned. Plaintiff's Amended Complaint, para. 17. The allegations are further that Sheriff Richard Roundtree and Clayton "exhibited a pattern of discriminatory practices and favoritism towards white deputies within the office" with regards to disparate treatment between himself and other white deputies

who are accused of excessive force. Plaintiff's Amended Complaint, para. 29-30.

8. Plaintiff does not allege any evidence, or make any allegation within the Amended Complaint, with regards to testimony of the Grand Jury. He has not demonstrated the need for this transcript or other records that he could not obtain in other ways. Finally, he has not demonstrated the significance of the testimony of "GBI Agent Kris Lapham." Lastly, he requests the entirety of the transcript.

9. He has not carried his burden of showing a particularized need for this transcript, and has not limited his subpoena to only that testimony which he needs to satisfy his particularized need. Like in *Aisenberg*, it would be an abuse of discretion for this Court to order the release of the entirety of the grand jury transcript. This Court should order the subpoena be quashed until Plaintiff make a particularized showing of his need, and what portions of the transcript are needed for his case.

WHEREFORE, the Hon. Jared Williams requests as follows:

1) That an Order be issued quashing the subpoena indicated in "Exhibit "1"; and

2) For such and further relief as the Court deems just and proper.

This 31 day of October, 2024.

> By: */s/ Samuel Meller*
> Samuel Meller (Ga. Bar No. 897026)
>
> ATTORNEY FOR HON. JARED T. WILLIAMS

Please serve:
Augusta Law Department
ATTN: Samuel Meller
535 Telfair St., Building 3000
Augusta, GA 30901
P. 706-842-5550
smeller@augustaga.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| QUINCY J. CANNON, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 1:24-cv-00035 |
| | ) |
| CITY OF AUGUSTA/RICHMOND COUNTY ET AL | ) |

# CERTIFICATE OF GOOD FAITH

The undersigned certifies that on October 30, 2024, by telephone and by email, the undersigned conferred with the Plaintiff in a good faith attempt to resolve this dispute without requesting the Court's action.

So certified, this 31st day of October, 2024.
                By: */s/ Samuel Meller*
                Samuel Meller (Ga. Bar No. 897026)

                ATTORNEY FOR HON. JARED T. WILLIAMS