# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

| | |
|---|---|
| **QUINCY J. CANNON,**<br>3108 Ridgefield Dr Grovetown, Ga 30813<br>Plaintiff,<br><br>VS.<br><br>**SHERIFF RICHARD ROUNDTREE,** in his individual and official capacity as Sheriff of Richmond County Sheriff's Office,<br>211 Pleasant Home Road, Suite A1<br>Augusta, GA 30907<br><br>**Chief Deputy Patrick Clayton (Retired),**<br>In his individual and official capacity as Deputy Chief of Richmond County Sheriff's Office,<br>211 Pleasant Home Road, Suite A1<br>Augusta, GA 30907<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>1:24-cv-00035<br><br>U.S DISTRICT COURT<br>SOUTHERN DISTRICT OF GEORGIA<br><br>JAN 14 2025<br><br>FILED |

# MOTION FOR SANCTIONS AND REQUEST FOR ENTRY OF DEFAULT JUDGEMENT

## INTRODUCTION

I, Quincy Cannon, the plaintiff in the above-captioned case, respectfully submit this Motion for Sanctions and Request for Entry of Default Judgment pursuant to Rule 37(e) of the Federal Rules of Civil Procedure. This motion is based on the defendant's intentional destruction of critical evidence, specifically jail security camera footage, in violation of the Georgia Records Retention Laws, including LG-19-068A and LG-19-068B, LG-19-079A and LG-19-079B, LG-19-092, and LG-19-055.

The destroyed footage is crucial to my case, as it captures the use of force incident involving Deputy Richard Parker on February 3rd, 2022. Despite the defendant's obligation to preserve this evidence, it was confirmed in August 2023 that they had the video but refused to provide it, and it has since been destroyed, thereby prejudicing my ability to present my claims effectively.

## STATEMENT OF FACTS

On February 3, 2022, I, Deputy Quincy Cannon, was on duty at the Richmond County Charles B. Webster Detention Center, assigned to F Pod. During this time, I was working alongside several other deputies whose names I do not recall. An incident occurred on F Pod necessitating the securing and locking of inmates in their cells. During this process, Deputy Richard Parker handcuffed an inmate behind his back, and the situation escalated into a physical altercation. I observed Deputy Parker strangling the inmate in an aggressive manner. The inmate was pressed against the wall while being strangled, and when the inmate refused to enter his cell, Deputy Parker continued to strangle him into the cell and continued to strangle him to the point where the inmate could not breathe. Other deputies, under my direction as the senior officer present, had to physically pull Deputy Parker out of the cell. Deputy Parker resisted and attempted to re-enter the cell. The inmate is known as Mr. Phillip Leach.

I immediately reported the incident to Lieutenant Lucas Chad Grant and reviewed the jail security camera footage to confirm my observations. The footage corroborated my account of the incident. I subsequently filed a formal complaint with Lieutenant Grant to be forwarded to Internal Affairs. Despite the clear evidence, Internal Affairs reviewed the matter and exonerated Deputy Parker.

I served at the Richmond County Sheriff's Office for nearly five years. All incidents involving the use of force requiring a review of internal affairs and complaints made by deputies are reviewed by Chief Deputy Patrick Clayton and Sheriff Richard Roundtree (Defendants). Chief Deputy Clayton and Sheriff Roundtree subsequently directed the Georgia Bureau of

Investigation (GBI) to investigate Deputy Cannon for allegedly striking a handcuffed inmate, similar to Deputy Parker's actions. However, the inmate in my custody had recently shot a deputy in the face, was combative, and was using his **head** to strike Deputy Acosta.

Also, Deputy Richard Parker stated his reason for his force was due to the inmate trying to headbutt him. At no time did I witness that or the inmate trying to spit on Deputy Richard Parker.

Unlike Deputy Parker, I underwent an internal affairs Garrity interview and was constructively discharged from employment by Sheriff Richard Roundtree. I was later exonerated by a Grand Jury and given all arrest powers back in the state of Georgia.

I filed an EEOC complaint in March 2023, which went under investigation in May 2023. In August 2023, I submitted an open records request to the Richmond County Sheriff's Office under Sheriff Richard Roundtree for the jail security video of the incident. They confirmed the existence of the video but refused to release it, citing security reasons under O.C.G.A. 50-18-72(a)(25)(A). Between the months of October 2023 and January 2024, Richmond County, EEOC investigator, and Plaintiff Quincy Cannon exchanged statements and rebuttals with each other, clearly indicating my intention to use the Richard Parker incident as comparator evidence.

In late January and February 2024, I received a right-to-sue letter from the EEOC. I filed the original complaint in federal court in April 2024, citing the Richard Parker incident as a comparator. By April 2024, 26 months had elapsed since the February 3, 2022, incident involving Deputy Parker.

The defendants Former Sheriff Richard Roundtree and Retired Chief Deputy Patrick Clayton and the Richmond County Sheriff's Office, under Sheriff Gino Brantley, later confirmed that the video footage was no longer available. This footage is crucial evidence, as Deputy Parker's use of force does not align with the forced used by Deputy Richard Parker. Additionally, the Richmond County Sheriff's Office failed to produce my initial statement against Deputy Parker.

## **LEGAL BASIS**

This motion is brought pursuant to Rule 37(e) of the Federal Rules of Civil Procedure, which provides for sanctions when a party fails to preserve electronically stored information (ESI) that should have been preserved in anticipation or conduct of litigation. Rule 37(e) allows the court to impose sanctions if the loss of ESI has prejudiced against another party or if the party acted with the intent to deprive another party of the information's use in the litigation.

In this case, the defendant's destruction of the jail security camera footage constitutes a violation of Rule 37(e). The footage was crucial evidence in the use of force incident involving Deputy Richard Parker on February 3, 2022. The defendant's failure to preserve this evidence has significantly prejudiced against the plaintiff's ability to present his claims.

Additionally, the defendant's actions violate several Georgia Records Retention Laws, including:

3

1. **LG-19-068A and LG-19-068B | Video Footage from Body Cams/Dash Cams /Drone Cams:**
   - Retention: 180 days, except if the recording is part of a criminal investigation, shows a vehicle accident, **shows the detainment or arrest of an individual,** or shows a **law enforcement officer's use of force**, in which case it shall be retained for 30 months.

2. **LG-19-079A and LG-19-079B | Security and Surveillance (Static) Video:**
   - Retention: <u>Known Incident</u>/Accident: <u>Retain until settlement of claims</u>.
   - Given that the incident involving Deputy Richard Parker was a known incident, the jail security camera footage should have been retained until the settlement of all related claims. This further supports Deputy Cannon argument that the defendant's destruction of the footage was a violation of the retention laws and warrants the imposition of sanctions.

3. **LG-19-092 | Internal Investigations:**
   - Retention: Records of internal investigations must be retained according to the specific guidelines set forth for such investigations.
   - Deputy Cannon made a formal complaint to Lieutenant Lucas Grant and formally wrote a letter about what occurred.
   - Richmond County also cannot locate my complaint that Deputy Cannon completed due to my complaint being true.

4. **LG-19-055 | Inmate Disciplinary Reports:**
   - Retention: 10 years after the release of the inmate.
   - There should have been a Disciplinary Report completed of this incident against the inmate completed by the Jail personnel.

5. **OCGA 50-18-96 (b)(1)(2):**
   - Retention: Video recordings from law enforcement body-worn devices or devices located on or inside of law enforcement vehicles shall be retained for 180 days from the date of such recording, except if the recording is part of a criminal investigation, shows a vehicular accident, shows the **detainment or arrest** of an individual, or shows a law enforcement officer's use of force, it shall be retained for **30 months** from the date of such recording. If such recording contains evidence that is or can reasonably be anticipated to be necessary for pending **litigation**, it shall be retained for **30 months** from the date of such recording, and

> if **litigation** is commenced during such period, it shall be retained until a final adjudication of such litigation.

6. **O.C.G.A. § 50-18-99**:

- This section outlines the penalties for the unlawful destruction of public records, emphasizing the importance of compliance with the established retention schedules.

The destroyed footage was part of an internal investigation and related to an EEOC complaint and federal lawsuit. It should have been preserved until the settlement of all claims, as required by the retention laws. The defendant's failure to do so has resulted in the loss of critical evidence, warranting the imposition of sanctions under Rule 37(e).

## ARGUMENT

The defendant's intentional destruction of the jail security camera footage constitutes a clear violation of Rule 37(e) of the Federal Rules of Civil Procedure and several Georgia Records Retention Laws, including LG-19-068A, LG-19-068B, LG-19-079A, LG-19-079B, LG-19-092, LG-19-055, and OCGA 50-18-96 (b)(1)(2). The destroyed footage was crucial evidence in the use of force incident involving Deputy Richard Parker on February 3, 2022. The defendant's failure to preserve this evidence has significantly prejudiced against the plaintiff's ability to present his claims.

1. **Violation of Rule 37(e) of the Federal Rules of Civil Procedure**

Rule 37(e) provides for sanctions when a party fails to preserve electronically stored information (ESI) that should have been preserved in anticipation or conduct of litigation. The rule allows the court to impose sanctions if the loss of ESI has prejudiced against another party or if the party acted with the intent to deprive another party of the information's use in the litigation.

In this case, the defendant's destruction of the jail security camera footage was intentional and has severely prejudiced the plaintiff's case. The footage was critical evidence that captured the use of force incident involving Deputy Richard Parker. The defendant's actions have deprived the plaintiff of the ability to present this crucial evidence, thereby hindering his ability to prove his claims.

2. **Violation of Georgia Records Retention Laws**

The defendant's actions also violate several Georgia Records Retention Laws, including:

LG-19-068A and LG-19-068B | Video Footage from Body Cams/Dash Cams /Drone Cams: The footage should have been retained for 30 months as it involved a law enforcement officer's use of force.

LG-19-079A and LG-19-079B | Security and Surveillance (Static) Video: The footage should have been retained until the settlement of all claims related to the incident.

LG-19-092 | Internal Investigations: Records of internal investigations must be retained according to specific guidelines.

LG-19-055 | Inmate Disciplinary Reports: These records must be retained 10 years after the release of the inmate.

OCGA 50-18-96 (b)(1)(2): The footage should have been retained for 30 months from the date of the recording, as it was part of a criminal investigation and related to pending litigation.

The destroyed footage was part of an internal investigation and related to an EEOC complaint and federal lawsuit. It should have been preserved until the settlement of all claims, as required by the retention laws. The defendant's failure to do so has resulted in the loss of critical evidence, further prejudicing the plaintiff's case.

3. **Unethical Conduct of the Defendant**

The defendant's actions in intentionally destroying the jail security camera footage demonstrate a clear disregard for ethical standards and legal obligations. The deliberate destruction of evidence not only violates the rules and laws governing evidence preservation but also undermines the integrity of the judicial process. Such unethical conduct is unacceptable and warrants the imposition of severe sanctions to deter similar behavior in the future.

4. **Prejudice to the Plaintiff's Case**

The destruction of the jail security camera footage has significantly prejudiced the plaintiff's ability to present his claims. The footage was crucial evidence that corroborated the plaintiff's eyewitness account of the use of force incident involving Deputy Richard Parker. Without this evidence, the plaintiff is unable to effectively prove his claims and demonstrate the defendant's misconduct.

5. **Supporting Case Law**

Courts have consistently imposed sanctions for the spoliation of evidence when a party has acted with the intent to deprive another party of the information's use in litigation. In Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001), the court held that sanctions were appropriate when a party failed to preserve evidence that was crucial to the opposing party's case. Similarly, in Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003), the court-imposed sanctions for the spoliation of electronic evidence, emphasizing the importance of preserving relevant information.

Given the defendant's intentional destruction of crucial evidence, their unethical conduct, and the resulting prejudice to the plaintiff's case, the imposition of sanctions is warranted. The plaintiff respectfully requests that the court enter a default judgment in favor of the plaintiff, presume that the lost information was unfavorable to the defendant, and award monetary sanctions to the plaintiff for the costs and expenses incurred due to the spoliation of evidence.

6. **Additional Considerations**

The jail security camera footage would provide a clearer outcome of what really occurred due to the view of what occurred. The plaintiff requests that the court treat the jail security camera footage as equivalent to body camera footage and recognize that the jail camera footage is of higher evidentiary value. As the defendant acknowledges, the only body camera footage does not capture much evidence.

Given the defendant's intentional destruction of crucial evidence, their unethical conduct, and the resulting prejudice to the plaintiff's case, the imposition of sanctions is warranted. The plaintiff respectfully requests that the court enter a default judgment in favor of the plaintiff, presume that the lost information was unfavorable to the defendant, and award monetary sanctions to the plaintiff for the costs and expenses incurred due to the spoliation of evidence.

## RELIEF REQUESTED

For the reasons stated above, the plaintiff respectfully requests that the court impose the following sanctions against the defendant:

- **Enter a Default Judgment**: Enter a default judgment in favor of the plaintiff due to the defendant's intentional destruction of crucial evidence and their unethical conduct.

- **Adverse Inference**: Presume that the lost information was unfavorable to the defendant, as the destruction of the jail security camera footage has significantly prejudiced the plaintiff's ability to present his claims.

- **Monetary Sanctions**: Award backpay to the plaintiff as if the plaintiff had never left employment, and award punitive damages to the plaintiff for the costs and expenses incurred due to the spoliation of evidence.

- **Equivalent Treatment of Evidence**: Recognize that the jail security camera footage is of higher evidentiary value and treat it as equivalent to body camera footage, given that the

defendant used the jail security camera footage to review the incident and no body cameras were reported in this incident.

- **Any Other Relief:** Grant any other relief the court deems just and proper to address the prejudice caused by the defendant's actions and to deter similar conduct in the future.

## CONCLUSION

For the reasons stated above, the plaintiff respectfully requests that the court grant this Motion for Sanctions and request to enter a default judgment in favor of the plaintiff. The defendant's intentional destruction of crucial evidence, their unethical conduct, and the resulting prejudice to the plaintiff's case warrant the imposition of severe sanctions. The plaintiff further requests that the court presume the lost information was unfavorable to the defendant, award backpay and punitive damages to the plaintiff, and recognize the higher evidentiary value of the jail security camera footage. The plaintiff also seeks any other relief the court deems just and proper to address the prejudice caused by the defendant's actions and to deter similar conduct in the future.

Respectfully submitted this 14th day of January 2025.

By: Quincy J. Cannon
quincyjcannon@gmail.com
3108 Ridgefield Drive Grovetown, Georgia, 30813
706-231-4829