IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| QUINCY J. CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 124-035 |
| ) | |
| SHERIFF RICHARD ROUNDTREE and ) | |
| CHIEF DEPUTY PATRICK CLAYTON, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, a former deputy with the Richmond County Sheriff's Office ("RCSO"), claims constructive discharge based on allegations he used excessive force on an arrestee, and he brings a racial discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Before the Court is Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 37(e), wherein he alleges Defendants failed to preserve camera footage from a use of force incident involving a Caucasian comparator. (Doc. no. 34.) For the reasons described below, the Court **DENIES** Plaintiff's motion for sanctions. (Doc. no. 34.)

**I.    BACKGROUND**

In November 2022, Plaintiff was involved in an altercation with an arrestee that resulted in allegations of excessive force. (Doc. no. 16, pp. 4-5; see also doc. no. 36-4.) Investigators with Internal Affairs and the Georgia Bureau of Investigation determined Plaintiff used excessive force, and he was criminally charged for this incident on December 15, 2022. (Doc.

no. 16, p. 5; see also doc. no. 36-4.)  Plaintiff alleges RCSO constructively terminated his employment on December 22, 2022.  (Doc. no. 16, p. 5.)  Thereafter, a grand jury declined to indict Plaintiff on May 9, 2023, (id. at 5), and Plaintiff filed a racial discrimination complaint with the EEOC on May 10, 2023, (see doc. no. 7-2).

The second amended complaint, the operative pleading, points to several Caucasian deputies as comparators, alleging each was involved in similar use of force incidents yet Defendants did not investigate them or constructively terminate their employment.  (See doc. no. 16, pp. 6-7.)  Plaintiff seeks sanctions for deletion of camera footage from an incident Plaintiff witnessed involving use of force by Deputy Richard Parker, an alleged comparator, against a Charles B. Webster Detention Center jail inmate on February 3, 2022 ("the Parker Incident").  (Doc. no. 34; see also doc. nos. 35, 39.)  During this incident, Deputy Parker used force against a resisting inmate who would not lock down in his cell.  (Doc. no. 36-2, pp. 3-4.)  During the struggle, Deputy Parker grabbed the inmate's collar and neck area.  (Id.)  RCSO supervisors investigated the Parker Incident and concluded Deputy Parker did not use excessive force.  (Id. at 4.)  The jail security footage only revealed the initial struggle outside of the inmate's cell, when Deputy Parker had his hands near the inmate's collar, and did not show Deputy Parker's alleged grabbing of the inmate's neck inside the cell.  (Id.)

On August 17, 2023, while the EEOC case was ongoing, Plaintiff submitted an open records request for, among other things, camera footage and witness statements concerning the Parker Incident.  (Doc. no. 34-1, p. 1; doc. no. 35, pp. 6-9)  One week later, on August 23, 2023, the RCSO Open Records Clerk provided Plaintiff with the relevant incident report and responded to the request for camera footage as follows:

> Pursuant to O.C.G.A. § 50-18-72(a)(25)(A), [f]ootage from video cameras within a jail (or other secure area) that would reveal where the cameras are which areas are not covered.  Pursuant to O.C.G.A. § 50-18-71(j), we are not responsible for any records we do not have.
>
> (Doc. no. 34-1, p. 1.)

In addition to the open records request, Plaintiff claims that, between October 2023 and January 2024, he exchanged correspondence with the Richmond County EEOC investigator in which he "clearly indicat[ed] [his] intention to use the [Parker Incident] as comparator evidence." (Doc. no. 34, p. 3.)

In response to the motion for sanctions, Defendants submitted an affidavit from former Richmond County Sheriff Richard Roundtree.  (See doc. no. 36-1.)  The affidavit provides "[t]he security cameras at the Charles B. Webster Detention Center are programmed to automatically purge any recorded video every 30 days and record new video over the footage in accordance with local government retention schedules," and that "[a]ny videos that need to be retained must be downloaded and saved during the 30-day window."  (Id. ¶¶ 3, 4.) Defendant Roundtree "has never seen the jail security video of the incident, [] did not delete the video, and [] did not direct any employees to delete the video." (Id. ¶ 7.)  Rather, the video was automatically recorded over after thirty days.  (Id. ¶ 8.)  Furthermore, Defendant Roundtree was not personally aware of the Parker Incident, which was investigated by Lt. Michael Lewis and Lt. Paul Johnson, in accordance with RCSO policies.  (Id. ¶¶ 5, 6.)  Lt. Lewis and Lt. Johnson determined Deputy Parker did not use excessive force.  (Id. ¶ 6.)

## II.    DISCUSSION

Pursuant to Federal Rule of Procedure Rule 37(e), Plaintiff must establish (1) the lost footage should have been preserved in anticipation or conduct of litigation and Defendants

3

failed to take reasonable steps to preserve it; and (2) the footage "cannot be restored or replaced through additional discovery." Skansha USA Civ. Se. Inc., v. Bagelheads, Inc., 75 F.4th 1290, 1311 (11th Cir. 2023); see also Doe v. Predator Catchers, Inc., No. 3:22-cv-414, 2024 WL 4459377, at *3 (M.D. Fla. July 26, 2024) (describing elements of Rule 37(e) sanctions claim to include both such factors). With respect to the first element, "the test is whether litigation was 'pending or reasonably foreseeable' when the spoliation occurred." Ala. Aircraft Indus., Inc. v. Boeing Co., 319 F.R.D. 730, 740 (N.D. Ala. 2017) (citing Graff v. Baja Marine Corp., 310 F. App'x 298, 301 (11th Cir. 2009)). In addition, the party must have known or should have known "the evidence may be relevant" to the pending or reasonably foreseeable litigation. Easterwood v. Carnival Corp., No. 19-cv-22932, 2020 WL 6781742 at *5 (S.D. Fla. Nov. 18, 2020) (internal quotations and citations omitted).

Consistent with these principles, deletion of camera footage pursuant to a routine schedule does not give rise to a colorable claim for sanctions under Rule 37 unless litigation is reasonably foreseeable before the scheduled deletion occurs. See Fed. R. Civ. P. 37(e), Advisory Committee Notes to 2015 Amendment ("[T]he routine, good-faith operation of an electronic information system would be a relevant factor for the court to consider in evaluating whether a party failed to take reasonable steps to preserve lost information, although the prospect of litigation may call for reasonable steps to preserve information by intervening in that routine operation.").

Here, RCSO deleted the footage pursuant to its retention schedule on or about March 5, 2022, thirty days after the Parker Incident. (Doc. no. 36-1 ¶ 8.) RCSO could not have anticipated Plaintiff asserting a wrongful termination claim at this time because no such claim existed. Indeed, Plaintiff was still employed with RCSO, and his employment did not end until

4

December 2022, several months later.  (See doc. no. 36-4.)  Moreover, litigation was not reasonably foreseeable until May 10, 2023, the day Plaintiff first gave notice of his intent to pursue claims by filing a charge of racial discrimination with the EEOC.  (See doc. no. 7-2); see also Marshall v. Dentfirst, P.C., 313 F.R.D. 691, 695 (N.D. Ga. 2016) ("The Court assumes, without deciding, that Defendant should have reasonably anticipated litigation regarding Plaintiff's termination, at the earliest . . . when Defendant was notified that Plaintiff filed her EEOC Charge." (citing  Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 289 (S.D.N.Y. 2009) ("Although this [duty to preserve] commonly occurs at the time a complaint is filed, it can also arise earlier, for instance when a disgruntled employee files an EEOC charge . . . ."))).

Just as importantly, RCSO was not on notice Plaintiff considered Deputy Parker a comparator until October 2023 at the earliest, when Plaintiff claims he identified Deputy Parker as a comparator while discussing his claim with EEOC investigators.  (Doc. no. 34, p. 3.)  Although Plaintiff points to his August 2023 open records request as demonstrating RCSO was aware of his intent to use the Parker Incident footage, (id. at 3; doc. no. 37, p. 3), Plaintiff fails to establish Defendants knew or reasonably should have known this open records request was connected to the EEOC investigation or otherwise connected to the prospect of litigation.  Thus, RCSO had no duty to preserve footage of Deputy Parker's use of force incident until October 2023 at the earliest, which is more than one year after deletion of the footage.

Obviously, Rule 37(e) "does not apply when information is lost before a duty to preserve arises." Fed. R. Civ. P. 37(e), Advisory Committee Notes to 2015 Amendment.  In other words, "the Court cannot impute any duty on [a defendant] to have preserved what it did not have." Atta v. Cisco Sys., Inc., No. 1:18-cv-1558, 2020 WL 7384689, at *6 (N.D. Ga.

5

Aug. 3, 2020) (citation omitted), *adopted by* 2020 WL 7022450, (Nov. 30, 2020); see also id. at *5-6 (determining defendants had no duty to preserve ESI that was "no longer in use well before [p]laintiff's separation" and subsequent EEOC charge).

Plaintiff disagrees with Defendant Roundtree's sworn statement RCSO deleted the footage thirty days after the Parker Incident. Instead, he contends the footage still existed at the time of his open records request in August 2023. (Doc. no. 34, p. 3; doc. no. 37, p. 3.) The sole support for this contention, however, is his construction of the response by the RCSO Open Records Clerk. (See doc. no. 34-1, p. 1.) At most, however, the open records request response merely leaves open the possibility the footage might still exist, which is wholly insufficient to overcome Sheriff Roundtree's sworn and unequivocal statement deletion occurred in the normal course thirty days after the incident. (Doc. no. 36-1, ¶ 8.)

Plaintiff also argues Defendants had an obligation to preserve the footage because the Parker Incident was a "known incident" under RCSO retention policies. (Doc. no. 34, pp. 5-6; doc. no. 35, pp. 3-4; doc. no. 37, pp. 3-4.) There is no evidence RCSO violated the cited policies, LG-19-079A and LG-19079B, which require retention of camera footage "until settlement of claims" for known incidents or accidents, (LG-19-079A), and if there are no such claims, for thirty days, (LG-19-079B). See Local Government Retention Schedules, Georgia Archives University System of Georgia, .www.georgiaarchives.org/records/local_government/schedules/44/P80 (last visited Mar. 25, 2025). Defendants offer undisputed evidence no claims were asserted arising out of the Parker Incident. (Doc. no. 36-1; see also doc. no. 36-2.)

Even if Plaintiff could prove a violation of these retention policies, which he cannot, there would still be no basis for sanctions because retention policies and regulations do not

6

trigger a duty to preserve under Rule 37 where, as here, Defendants could not have reasonably anticipated litigation at the time of deletion. See Fed. R. Civ. P. 37(e), Advisory Committee Notes to 2015 Amendment (explaining a party's "independent obligation to preserve information does not necessarily mean that it had such a duty with respect to the litigation, and the fact that the party failed to observe some other preservation obligation does not itself prove that its efforts to preserve were not reasonable with respect to a particular case"); see also Athay v. Washington, No. 3:22-CV-5422, 2023 WL 3892328, at *5-6 (W.D. Wash. June 8, 2023) (finding retention policies did not impose Rule 37(e) duty to preserve when litigation not yet reasonably foreseeable); Hamilton v. Oswego Comm. Unit Sch. Dist. 308, No. 20-cv-0292, 2022 WL 580783, at *3 n.2 (N.D. Ill. Feb. 25, 2022) (same with respect to state records statute and school retention policy).

While the Court could stop here, it is worth noting three remaining fatal deficiencies in Plaintiff's sanctions request. First, Plaintiff cannot establish prejudice. Plaintiff has the burden of proving "the evidence was crucial to [the movant] being able to prove [his] *prima facie* case." Marshall, 313 F.R.D. at 697. Assuming *arguendo* Deputy Parker is a similarly situated comparator, footage of the Parker Incident only captured events occurring outside of the cell and not the critical events inside the cell where Deputy Parker was accused of placing his hands on an inmate's neck. (Doc. no. 36-2, p. 4.) Accordingly, because any evidentiary value gleaned from this footage is weak, it is not crucial to Plaintiff's *prima facie* case.

Second, any prejudice is mitigated significantly by Plaintiff's ability to obtain discovery through other means. Plaintiff can testify himself because he was an eyewitness to the Parker Incident, and he may propound discovery requests to, and conduct depositions of, Defendants, RCSO, Deputy Parker, and the inmate. See Deligish v. Bender, No. 6:23-cv-417,

7

2024 WL 3917212, at *6 (M.D. Fla. Aug. 23, 2024) ("[T]he party seeking the discovery must engage in some effort to restore or replace the deleted ESI prior to unlocking the sanctions in Rule 37(e).").

Third, there is no basis for finding Defendants "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Plaintiff alleges Defendants deliberately destroyed the footage, (see doc. no. 34, p. 6; doc. no. 37, p. 4), but he submits no supporting evidence. Furthermore, as explained *supra*, indisputable evidence shows deletion of the footage occurred in the normal course of business in compliance with established retention and deletion procedures. See Storey v. Effingham Cnty., No. CV 4125-149, 2017 WL 2623775, at *4 (S.D. Ga. June 16, 2017) ("The Court is not convinced that defendants' negligence[,] even recklessness[,] in allowing the normal video destruction policy to patter away unimpeded rises to the stringent 'intent' requirement set forth in the amended Rule 37(e).").

### III.   CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion for sanctions and request for default judgment. (Doc. no. 34.)

SO ORDERED this 25th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA