IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| QUINCY J. CANNON,<br><br>  Plaintiff,<br><br>v.<br><br>SHERIFF RICHARD ROUNDTREE and<br>CHIEF DEPUTY PATRICK CLAYTON,<br><br>  Defendants. | CIVIL ACTION NO.: CV 124-035 |

## DEFENDANTS' REPLY BRIEF

COME NOW Richard Roundtree and Patrick Clayton, and file this Reply to Plaintiff's Response and Brief (Doc. 55), showing the Court the following:

**A. Plaintiff Has Failed to Effectuate Service Of Process On Defendants.**

Plaintiff incorrectly argues that Defendants waived any objection to service by not raising it in Rule 12 motion to dismiss. However, Defendants did in fact raise the issue of lack of service in a motion to dismiss which is pending before this court. Doc. 18. In an Order, this Court set the deadline for Plaintiff to serve Defendants as December 3, 2024. Doc. 23. In his response to Defendants' motion, Plaintiff argued that he would file a waiver of service for Defendants. Doc. 24, p. 2. However, the docket does not evidence that Plaintiff ever filed a waiver of service from Defendants. Instead of serving Defendants or requesting that they waive service, Plaintiff actually filed a third amended complaint without leave of court, in response to the service deadline set by the court. Doc. 26. Plaintiff now claims that he does not know why the third amended complaint was made as if he is not the person who filed it. Pursuant to Rule 12(h)(1)(B)(i), any objection

1

to service of process is preserved if it was raised in a motion to dismiss. Thus, Defendants' participation in this action cannot constitute a waiver of the defense of insufficient service of process. *Clark v. City of Zebulon*, 156 F.R.D 684, 694 (N.D. Ga. Feb. 2, 1993).

Plaintiff also argues that Defendants were properly served by pointing to a series of certified mail return receipts. Doc. 55-1. First, pursuant to Fed. R. Civ. P. 4(e), service of a summons and complaint can be effectuated by personal service of the documents on the defendant, by leaving copies with a suitable person at the defendant's home, by delivering copies to an authorized agent, or by following state law. The Georgia's Civil Practice Act similarly provides that service can be made by personal service on the defendant, by leaving copies of the summons and complaint with a suitable person at his home, or by delivering copies to an authorized agent. O.C.G.A. § 9-11-4(e). Service cannot be perfected by certified mail. *Colclough v. Gwinnett Pub. Schs.*, 734 Fed. Appx. 660, 662 (11th Cir. 2018); *Gormong v. Cleveland Elec. Co.*, 180 Ga. App. 481, 482 (1986).

Second, even if service by certified mail were permitted, Plaintiff's affidavits fail to evidence such service. Plaintiff apparently mailed something to William Newsome and the undersigned counsel. Doc. 55-1. Mr. Newsome is not a party defendant, and service on a defendant's attorney is not permitted. *Browning v. Europa Hair, Inc.*, 244 Ga. 222, 224 (1979). Plaintiff also mailed something to Gino Brantley, Jason Evans, Kris Lapham, and Lucas Grant which was delivered in 2025[1]. These persons are not parties to this action and service was required to be completed by December 3, 2024. Doc. 23. Plaintiff provides no evidence that any of his addressees are authorized agents to accept service

---

[1] All of the return receipts do not show the date of delivery but based on the tracking information on the USPS website, the articles addressed to Jason Evans and Kris Lapham were delivered on February 14, 2025.

for the named Defendants. Thus, the return receipts provide no evidence that the complaint and summons were received by Richard Roundtree and Patrick Clayton. As a result, Plaintiff's claims are barred by his failure to effect service of process on Defendants.

### B. Individual Capacity Suits Are Not Proper Under Title VII.

Plaintiff mistakenly argues that cases relied upon for the holding that individual capacity suits are not permitted under Title VII are no longer good law and that language in Title VII allows individual capacity suits. However, Plaintiff does not dispute that the Eleventh Circuit has clearly held that individual capacity suits are not proper under Title VII in *Cross* and *Polite*. In reliance on *Wilson v. Gillis Advert. Co.*, Plaintiff argues that those cases are not good law because they relied on *Busby v. City of Orlando,* which itself is no longer good law. Plaintiff's reliance on *Wilson* is misplaced as it is the only case to call into question *Busby*, it is an Alabama District Court case, and more recent binding precedent in the Eleventh Circuit explicitly upholds the relevant holdings in *Busby* and *Cross*.

In *Wilson*, a 1993 case in the Northern District of Alabama, Judge William Acker Jr. suggested that individual capacity suits were no longer prohibited under the 1991 amendments to Title VII. *Wilson v. Gillis Adver. Co.,* No. 92-AR-2126-S, 1993 U.S. Dist. LEXIS 21634, *3 (S.D. Ala. Jan. 8, 1993). However, in a later case, Judge Acker himself acknowledged that in the Eleventh Circuit individual capacity suits are not appropriate and that a plaintiff can only recover under Title VII by suing an employer. *Byars v. UAB Hosp. Mgmt., LLC*, No. 2:14-CV-01338-WMA, 2014 U.S. Dist. LEXIS 140778, *2-3 (N.D. Ala. Oct. 3, 2014). Furthermore, *Busby*, an Eleventh Circuit opinion, cannot be overturned by an Alabama District Court. Plaintiff has presented no evidence that *Busby*

3

has actually been overturned by the Eleventh Circuit or Supreme Court or that is was superseded by statute.

In addition to *Polite* and *Cross*, many other Eleventh Circuit cases decided after the 1991 amendments and after *Wilson* have all held that individual capacity suits are not permitted under Title VII.  For example, the Court in 2006 unambiguously held in reliance on *Busby* that "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006).  The Southern District has also clearly held that individual capacity suits are not appropriate under Title VII. See e.g. *Johnson v. Burke Cnty. Sheriff's Off.*, No. CV 124-238, 2025 U.S. Dist. LEXIS 7134, *5-6 (S.D. Ga. Jan. 14, 2025); *Riles v. Augusta-Richmond Cty. Comm'n*, No. CV 116-214, 2017 U.S. Dist. LEXIS 133238, *5 (S.D. Ga. Aug. 21, 2017).  Furthermore, this Court held that a sheriff in his official capacity is the only proper party when a sheriff's office employee pursues a claim under Title VII. *Johnson* at *6. Unlike Plaintiff suggests, the proper defendant in a Title VII suit is in fact a settled issue, and individual capacity suits are not permitted. Therefore, Plaintiff fails to establish any claims against Defendants in their individual capacities.

**C. Chief Clayton Is Not A Proper Party To A Title VII Action.**

Plaintiff argues that former Chief Deputy Patrick Clayton is a proper party because he controlled fundamental aspects of Plaintiff's employment with the RCSO.  As stated above, case law is clear that the sheriff in his official capacity is the only proper defendant when a plaintiff alleges violations under Title VII against a sheriff's office. *Johnson* at *6. Even if that were not true, Chief Clayton was not Plaintiff's employer, and he did not control any fundamental aspects of Plaintiff's employment. With regard to initiating a

GBI investigation, Sheriff Roundtree testified that the GBI was requested pursuant to his policy to seek GBI assistance with officer involved shootings. Roundtree Dep. 11:18-12:3. Chief Clayton did not constructively discharge Plaintiff. Chief Clayton simply informed Plaintiff that Sheriff Roundtree was instituting disciplinary action and that it was Plaintiff's choice whether to resign in lieu of termination. Clayton Dep. 11:5-25, 12:8-11. Further, Plaintiff voluntarily resigned as fully explained in section II.D.1 of Defendants' initial brief. Doc. 51-2. Chief Clayton testified that only Sheriff Roundtree had the power to hire and fire deputies. Clayton Dep. 11:1-4. The present case does not involve two distinct entities or joint employers; Chief Clayton was simply Sheriff Roundtree's employee just like Plaintiff. Plaintiff points to no authority which holds that an employee who provides recommendations to his employer could be jointly liable with the employer under Title VII. Thus, Plaintiff has not provided any evidence that Chief Clayton was his employer.

Moreover, a claim against Chief Clayton in his official capacity would be superfluous to Plaintiff's official capacity claim against Sheriff Roundtree. When a government official is sued in an official capacity, it is essentially a suit against the entity which employs the official. *See Ky. v. Graham*, 473 U.S. 159, 165 (1985). Thus, Chief Clayton is not a proper party to any Title VII action involving the RCSO.

**D. Plaintiff Fails To Establish A Claim Of Discrimination Under Title VII With Regard To His Resignation.**

Plaintiff inexplicably argues that the *McDonnell Douglas* framework should not be applied in this case and that summary judgment is not proper because he has presented direct evidence of discrimination. Direct evidence establishes discriminatory intent without any inference or presumption. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318,

5

1330 (11th Cir. 1998). Only the most blatant remarks by the decisionmaker constitute direct evidence of discrimination. *Michaels v. Sasser's Glass Works Inc.,* No. 23-11166, 2025 U.S. App. LEXIS 4206, *14 (11th Cir. Feb. 24, 2025). Plaintiff has presented absolutely no evidence of statements by Sheriff Roundtree that could be considered discriminatory such as racial epithets or references to Plaintiff's race. Thus, the *McDonnell Douglas* framework is applicable here, and Plaintiff's claim must be evaluated for circumstantial evidence.

### 1. Plaintiff did not suffer an adverse employment action.

In reliance on *Hargray*, Plaintiff argues that his resignation was not voluntary and seems to suggest that the issue must be determined at trial. Nothing in *Hargray* indicates that the question of whether an employee suffered an adverse employment action is a legal question for trial, and Plaintiff presents no evidence that the defendant in *Hargray* even raised that issue in a pre-trial motion. To establish a prima facie case to even proceed to a trial, it is the plaintiff's burden to establish that he suffered an adverse employment action among the other elements under Title VII. *Jones v. Allstate Ins. Co.,* 707 Fed. Appx. 641, 646 (11th Cir. 2017); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Here, Plaintiff fails in that burden.

Plaintiff asserts that this Court must consider four factors to determine if a resignation is voluntary in reliance on a 1988 Fourth Circuit case. That court noted that there were not many courts that had determined whether a resignation was involuntary to trigger the protections of due process, and that court looked at the four factors used to determine when a federal employee's resignation entitled him to rights under the civil service acts for guidance. *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167, 173-4 (4th Cir. 1988). However, for the purposes of the present case, there are

6

many binding cases in the Eleventh Circuit which explicitly explain how to determine if a resignation is an adverse employment action under Title VII. See e.g. *Davis v. Legal Servs. Ala., Inc*, 19 F.4th 1261 (11th Cir. 2021); *Jones v. Allstate Ins. Co.*, 707 Fed. Appx. 641 (11th Cir. 2017); *Medearis v. CVS Pharm., Inc.,* 646 Fed. Appx. 891, 898 (11th Cir. 2016). Plaintiff argues that those cases are distinguishable because they involve different facts. However, the difference in facts does not change the rules laid out by those courts – that a resignation is not voluntary unless the plaintiff can demonstrate that his work environment was unbearable or that he was coerced to resign.

There can be no factual dispute here that Plaintiff voluntarily resigned. Plaintiff submitted a letter of resignation after Chief Clayton informed Plaintiff that the Sheriff was likely going to terminate him. Exhibit H; Clayton Dep. 11:5-25. Plaintiff makes no attempt to provide evidence that his resignation was coerced or obtained by deception or that his work conditions at the RCSO were intolerable. Thus, Plaintiff fails to establish that he suffered any adverse employment action that could form the basis of a Title VII claim.

**2. Plaintiff's comparator evidence is not sufficient.**

In addition to establishing that he suffered an adverse employment action, a plaintiff must also provide evidence of a similarly situated coworker outside of his class who was treated more favorably by his employer. *Crawford* at 970. Comparators must have engaged in the same basic conduct, been subject to the same employment policies, been under the jurisdiction of the same supervisors, and share the plaintiff's employment and disciplinary history. *Lewis v. City of Union City,* 918 F.3d 1213, 1227-8 (11th Cir. 2019*).* Here, Plaintiff argues that five other RCSO deputies engaged in the same conduct as him but were treated more favorably. First, that assertion is blatantly contradicted by

7

the record for at least two of the deputies. Second, Plaintiff makes no effort to show that the deputies were otherwise similarly situated or treated more favorably.

With regard to Richard Parker and Brandon Keathley, Plaintiff has presented no evidence that they engaged in the same conduct by using excessive force on a restrained person in their custody. As fully explained in Defendants' initial brief, Deputy Parker did not use excessive force, and the inmate involved was not restrained. Exhibit P. Brandon Keathley, a trained EMT, was attending to a gunshot victim, when he struck another deputy who was attempting to interfere. Exhibit R; Clayton Dep. 21:13-23. There was no excessive force and no restrained inmate involved in that incident. Thus, Parker and Keathley clearly are not valid comparators.

With regard to Johnny Atkinson, he was not treated more favorably by Sheriff Roundtree. Plaintiff's argument that Atkinson was not terminated is simply not true. Exhibit O. Further, Plaintiff's argument that Atkinson, Donald, and Dailey were treated more favorably because the GBI did not investigate them or that the RCSO rehired them is without any basis in fact or law. Plaintiff has presented no evidence that the other deputies were involved in officer-involved shootings for which GBI assistance would be requested by Sheriff Roundtree. Plaintiff also has presented no evidence that any of the alleged comparators were rehired by Sheriff Roundtree after being terminated. Furthermore, Plaintiff makes no effort to show that any of the deputies have similar employment histories to him. Sheriff Roundtree utilized a progressive disciplinary system and considered a deputy's entire employment file when determining disciplinary action. Exhibit F; Roundtree Dep. 40:12- 41:6. Plaintiff had various disciplinary actions, but he presents no evidence of the employment or disciplinary histories of his alleged comparators. Exhibit S.

### 3. Plaintiff has produced no evidence of pretext.

In reliance on *Damon v. Fleming*, Plaintiff argues that he has provided sufficient evidence of pretext by showing that other employees outside of his class engaged in the same behavior but were treated differently. However, to establish pretext, a plaintiff must show both that the employer's reason was false and that discrimination was the real reason for the adverse employment action. *Sprowl v. Mercedes-Benz United States Int'l, Inc.*, 815 Fed. App. 473, 479 (11th Cir. 2020). As the Eleventh Circuit explained, *Damon* does not stand for the proposition that a plaintiff does not have to rebut the employer's legitimate reason for the adverse action. *Crawford v. City of Fairburn*, 482 F.3d 1305, 1309 (11th Cir. 2007). Unlike Plaintiff here, the plaintiffs in *Damon* rebutted their employer's reasoning for their terminations.

In *Damon*, the plaintiffs alleged that their former employer violated the Age Discrimination in Employment Act. 196 F.3d 1354, 1357 (11th Cir. 1999). The plaintiffs were older grocery store managers, and their district manager demoted or fired several older managers and replaced them with younger mangers. *Id.* at 1358. The court held that the plaintiffs had established pretext through evidence of the district manager's pattern of replacing older employees with younger ones. There was evidence presented that the district manager interviewed young candidates when there were no open positions, that reprimands given to older managers were not accurate, and that the district manager wanted "aggressive young men" promoted. *Id.* at 1361-2. Further, plaintiff Damon was terminated for poor conditions in his store, but he denied that allegation. *Id.* at 1363. The district manager even admitted that he had falsified reprimands and treated older managers differently from younger managers. *Id.* at 1363-4.

Here, Plaintiff has not presented any evidence similar to what was presented in *Damon*. First, Sheriff Roundtree instituted disciplinary action against Plaintiff because he was arrested for using excessive force on a restrained arrestee in his custody. Exhibit A. Unlike the plaintiffs in *Damon*, Plaintiff does not deny the conduct that formed the basis of Sheriff Roundtree's disciplinary action. Plaintiff admits that he used force on Mr. Cratic, and he admits that he was arrested and charged. Cannon Dep. 26:21-23; Doc. 16 ¶ 17. Second, Plaintiff has not presented any evidence that Sheriff Roundtree held any animus toward black deputies or preferred non-black employees. Third, Plaintiff has not presented evidence of a pattern of racial discrimination at the RCSO. There is no evidence that Sheriff Roundtree falsified any disciplinary reports or admitted to discriminating against Plaintiff or any other black deputy. Plaintiff fails to rebut Sheriff Roundtree's reasons for instituting disciplinary action. Therefore, Plaintiff fails to provide evidence of pretext.

### E. Plaintiff Fails To Establish A Failure To Hire Claim Under Title VII.

Plaintiff's argument that he was proceeding pro se and should be relieved from the requirement to exhaust administrative remedies is unsupported. A plaintiff's judicial complaint is limited by the scope of the EEOC investigation and any claims that could reasonably be expected to grow out of the allegations in his charge. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). Judicial claims not explicitly alleged in a charge of discrimination are only permitted if they amplify, clarify, or focus the allegations in the charge, but claims based on new acts of discrimination are prohibited. *Id.* at 1279-80. An alleged termination and an alleged refusal to rehire are separate and discrete employment practices. *See Eaves v. Rockdale Cnty. Sheriff's Off.,* No. 23-11734, 2024 U.S. App. LEXIS 14584, *5 (11th Cir. 2024). A plaintiff must submit a charge of

10

discrimination for each discrete act of discrimination, and Plaintiff's charge does not even allude to any facts related to a failure to hire claim. Id.; Exhibit J. Further, Plaintiff filed his charge on May 10, 2023 alleging discrimination related to his resignation. Exhibit J. Plaintiff alleges that he was not rehired on June 8, 2023 when he spoke to Chief Clayton on the phone. Doc. 16 ¶ 21. These allegations involve a completely different set of facts, and the call between Plaintiff and Chief Clayton occurred after the charge was submitted. Thus, Plaintiff has failed to exhaust available administrative remedies for any alleged failure to rehire.

Notwithstanding the fact that Plaintiff should be barred from making a failure to hire claim, Plaintiff also fails to establish such a claim. Plaintiff attempts to argue that a phone conversation he had with Chief Clayton constituted an application for employment with the RCSO. However, Chief Clayton and Sheriff Roundtree have both stated that Plaintiff would have needed to speak directly with Sheriff Roundtree if he wanted to be considered for reemployment with the RCSO. Roundtree Dep. 30:6-18, 33:6-10; Exhibit K. Thus, Plaintiff never applied to be rehired after his termination as he never spoke to Sheriff Roundtree. Cannon Dep. 70:3-14.

A non-applicant may nonetheless establish a prima facie case by showing that he refrained from applying due to a justifiable belief that the employer's discriminatory practices made application futile. To demonstrate a justifiable belief, a plaintiff must show that he had a real and present interest in the job and that he would have applied but effectively was deterred from doing so by the defendant's discriminatory practices. *Suber v. Cancer Treatment Ctrs. of Am. Glob., Inc.*, 2021 US Dist. LEXIS 272402 (N.D. Ga. Nov. 10, 2021). There is a high bar to establish futility, and a plaintiff must evidence a known and consistently enforced policy of discrimination. *Id.* Plaintiff has not established any

11

alleged discrimination within the RCSO. Plaintiff also fails to establish any real interest in returning the RCSO. Chief Clayton told Plaintiff to speak directly with Sheriff Roundtree if he wanted his job back, and Plaintiff admits that he never attempted to speak with the Sheriff. Cannon Dep. 70:3-14; S*ee also* Roundtree Dep. 30:6-18, 33:6-10. Thus, Plaintiff fails to establish a prima facie case for failure to hire.

### F. Plaintiff Fails To Establish A Title VII Claim As It Relates To The GBI Investigation.

As argued above and in Defendant's initial brief, Plaintiff failed to exhaust administrative remedies with regard to any separate claim related to the GBI investigation. Notwithstanding that fact, Plaintiff fails to provide any evidence that authorizing a GBI investigation was an adverse employment action, that other deputies were treated more favorably with regard to GBI investigations, or that the RCSO policy was discriminatory. As Sheriff Roundtree testified, the GBI was requested to investigate an officer involved shooting per RCSO policy. Roundtree Dep. 11:18-12:3; See also Exhibit C. During the course of that investigation, Mr. Cratic informed GBI agents that he was assaulted by Plaintiff. Exhibit B. Plaintiff has presented no proof that any other arrestee made assault allegations to the GBI for which Sheriff Roundtree did not acquiesce to a GBI investigation. As the Sheriff also testified, Plaintiff's alleged comparators were not involved in shootings for which he would ever request a GBI investigation. Roundtree Dep. 29:25-30:6. Thus, Plaintiff's alleged comparators were not similarly situated to Plaintiff like Wilson and Acosta, who were also investigated by the GBI. *See* Exhibit A.

Even if Plaintiff could establish a prima facie case, he fails to provide evidence that enforcement of the RCSO policy of requesting GBI assistance for officer involved shootings was pretext for discrimination. Plaintiff was treated identically to Deputies

Wilson and Acosta, who were outside of Plaintiff's class. Exhibit A. Therefore, Plaintiff fails to establish a claim related to the GBI investigation.

### G. Plaintiff Fails To Establish A Claim Under § 1983.

Plaintiff seemingly argues that he intended to state a claim under § 1983 but did not realize that Title VII and § 1983 are two separate and distinct causes of action because he was proceeding pro se. Plaintiff's complaint references only one count, a race discrimination claim under Title VII. Doc. 16, ¶¶ 29-38. However, even if Plaintiff alleged a § 1983 claim in his complaint, it would be subject to summary judgment now.

Eleventh Amendment immunity is applicable to § 1983 claims and bars suits in federal courts against a state or arm of the state. *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). Similarly, only persons are subject to liability under § 1983, and states are not persons within the meaning of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Sheriffs and their employees are arms of the state when making employment decisions because a state statute provides that sheriffs have the ability to hire and fire their deputies. O.C.G.A. § 15-16-23; *See also Pellitteri v. Prine*, 776 F.3d 777, 783 (11th Cir. 2015); *Johnson v. Sikes*, No. CV 4:18-216, 2020 U.S. Dist. LEXIS 105164, *16-17 (S.D. Ga. Jun. 16, 2020). Thus, sheriffs and their deputies acting as arms of the state are not subject to suit in their official capacity under § 1983. *See Howlett v. Rose*, 496 U.S. 356 (1990); *Bell v. Houston County*, No. 5:04-CV-390, 2006 U.S. Dist. LEXIS 43387, *35 (M.D. Dist. 2006). Here, Plaintiff's allegations involve an alleged constructive discharge, which is an employment decision for which Sheriff Roundtree would have been acting pursuant to state authority. To the extent that Plaintiff is attempting to state claims against Sheriff Roundtree and Chief Clayton in an official capacity under § 1983, those claims would be barred by the Eleventh Amendment.

With regard to any individual capacity claims under § 1983 that Plaintiff is attempting to state, he has failed to provide sufficient evidence. In employment discrimination cases, Title VII and § 1983 claims have the same elements. *Quigg v. Thomas Cty*. Sch. Dist., 814 F.3d 1227, 1235 (11th Cir. 2016). Just as Plaintiff has failed to state a claim of discrimination under Title VII, his claims under § 1983 would also fail. Furthermore, Defendants would be entitled to qualified immunity for any individual capacity § 1983 claims. Qualified immunity bars lawsuits against government officials sued in their individual capacities if their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To receive qualified immunity, a defendant must show that he was acting within his discretionary authority when the allegations occurred. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). An officer acts within his discretionary authority if his actions were undertaken pursuant to the performance of his duties and within the scope of his authority. *Jones v. City of Atlanta*, 192 Fed.Appx. 894, 897 (11th Cir. 2006) (quoting *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995)). Terminating deputies is within Sheriff Roundtree's authority. O.C.G.A § § 15-16-23. Once a defendant shows he was acting within his discretionary authority, the plaintiff has the burden of showing that qualified immunity does not apply. *Vinyard* at 1347. Here, Plaintiff has not met that burden. Therefore, Plaintiff fails to establish any claims under § 1983.

### H. Conclusion

Based on the foregoing and Defendant's initial brief, Plaintiff fails to establish any claims against Defendants. Summary Judgment should be granted to Defendants.

Respectfully submitted this 29th day of August 2025.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| QUINCY J. CANNON,<br><br>　　Plaintiff,<br><br>v.<br><br>SHERIFF RICHARD ROUNDTREE and CHIEF DEPUTY PATRICK CLAYTON,<br><br>　　Defendants. | CASE NO.: 1:24-RCCV-35 |

## CERTIFICATE OF SERVICE

　　This is to certify that the within and foregoing **Reply** were served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, or by depositing a copy in the United States Mail with adequate postage thereon to:

J. Clay Burckhalter
JCB Law Firm
7013 Evans Town Center Blvd., Suite 303
Evans, GA 30809
clay@auglawyer.com


　　This 29th day of August 2025.

　　　　　　　　　　　　　　　　　　　　　　　/s/Tameka Haynes
　　　　　　　　　　　　　　　　　　　　　　　**Tameka Haynes**
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 453026
　　　　　　　　　　　　　　　　　　　　　　　**Randolph Frails**
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 272729


　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com