IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

QUINCY J. CANNON,

    Plaintiff,

       v.

SHERIFF RICHARD ROUNDTREE and
CHIEF DEPUTY PATRICK CLAYTON,

    Defendants.

CV 124-035

**O R D E R**

Before the Court are Plaintiff's notice of voluntary dismissal (Doc. 25) and motion to dismiss retaliation claim (Doc. 40), and Defendants' motion to dismiss (Doc. 18) and motion for summary judgment (Doc. 51). For the following reasons, Plaintiff's notice of voluntary dismissal and motion to dismiss are **DENIED AS MOOT**[1], and Defendants' motion to dismiss is **GRANTED**.[2]

---

[1] Plaintiff's voluntary dismissal (Doc. 25) seeks to dismiss Defendant City of Augusta/Richmond County Sheriff's Department, but because the operative complaint (Doc. 16) lists only Defendants Roundtree and Clayton, Plaintiff's voluntary dismissal is **DENIED AS MOOT**. Plaintiff also seeks to voluntarily dismiss his retaliation claim. (Doc. 40.) However, Plaintiff does not allege a retaliation claim in the operative complaint (Doc. 16); thus, Plaintiff's motion to dismiss his retaliation claim is **DENIED AS MOOT**.
[2] Because Defendants' motion to dismiss is granted, the Court does not analyze Defendants' motion for summary judgment.

## I. BACKGROUND

Plaintiff was employed by the Richmond County Sheriff's Office ("RCSO") from June 2, 2018, until December 22, 2022. (Doc. 16, at 2.) He filed suit alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and seeking "back pay, front pay and equal amounts of liquidated damages, punitive damages, compensatory damages, attorneys['] fees, cost[s], and other appropriate relief." (Id. at 2, 7.) He obtained a Right to Sue letter from the Equal Employment Opportunity Commission on February 5, 2024 and timely filed his original complaint within 90 days. (Id. at 2.) Plaintiff asserts that he was hired as a Deputy Jailer in June 2018 and was promoted to the Road Patrol Division as a Law Enforcement Peace Officer in November 2019. (Id. at 4.) On November 11, 2022, Plaintiff responded to a call where a Deputy was shot in the face, and at the scene, he participated in the arrest of Vernon Cratic. (Id.) On November 22, 2022, the Georgia Bureau of Investigation ("GBI") conducted a criminal investigation of Plaintiff at the request of Defendant Clayton, the Chief Deputy. (Id.) The same day, Plaintiff was interviewed as part of an internal affairs investigation by RCSO at Defendant Clayton's request. (Id.) He was "interrogated for a possible excessive use

2

of force on a handcuffed individual allegation," after which he was told to return to work. (Id.)

On December 13, 2022, Plaintiff was notified he had a warrant out for his arrest. (Id. at 5.) He was arrested on December 15, 2022, bonded out, and placed on paid leave. (Id.) At that time, Plaintiff's "Certification to work in the State of Georgia in his chosen profession was rescinded." (Id.) Defendant Clayton contacted Plaintiff on December 20, 2022, stating he needed to resign or he would be terminated. (Id.) Plaintiff sent his notice of resignation in lieu of termination via email on the same day, and his last day of employment with RCSO was December 22, 2022. (Id.) On May 9, 2023, a grand jury failed to indict Plaintiff, and on May 15, 2023, Plaintiff's Law Enforcement Certification was reinstated. (Id.) Plaintiff had a telephone conversation with Defendant Clayton on June 8, 2023, in which Defendant Clayton informed Plaintiff that he had spoken with Defendant Roundtree, and Plaintiff would not be permitted to return to work at RCSO "due to the actions in striking a handcuffed subject in the face." (Id.)

Plaintiff lists several "white Caucasian" comparators that he alleges "were treated better than Plaintiff, a black employee, when it came to such things as use of force" and investigations into conduct. (Id. at 6-7.) Plaintiff names five Deputies employed by RSCO, four of which were involved in unnecessary use

3

of force incidents against a handcuffed individual. (Id.) Plaintiff alleges the actions of Deputies Ty Dailey, Johnny Atkinson, and Amanda Donald were not investigated internally nor by the GBI. (Id.) An incident involving Deputy Richard Parker was investigated, but "Parker was inappropriately exonerated." (Id. at 6.) Lastly, Deputy Brandon Keathley used unnecessary force on another Deputy, there was an internal investigation, and he was suspended for 30 days without pay. (Id. at 6-7.) Afterwards, Deputy Keathley was indicted by a grand jury for two felonies, and he is currently on paid administrative leave as he awaits trial. (Id. at 7.) The second amended complaint ("SAC") does not allege specific facts explaining what occurred during each incident. (Id. at 6-7.)

Given the above examples, Plaintiff alleges there is an "unlawful employment practice of race discrimination by [Defendants] in [their] practice of treating Caucasian Deputies much more favorably than Plaintiff because of his race" when handling use of force incidents. (Id. at 7.)

Plaintiff originally filed suit on April 2, 2024, and on September 4, 2024, he filed the SAC without leave of court, removing Richmond County Sheriff's Department and adding Sheriff Richard Roundtree and Chief Deputy Patrick Clayton as Defendants. (Doc. 16, at 1.) Plaintiff states he emailed and mailed, by certified mail, an official copy of the SAC to Defendants'

4

attorneys. (Doc. 19, at 2.) On October 11, 2024, Defendants moved to dismiss the SAC on various grounds, including ineffective service of process and failure to seek leave of court to amend the complaint. (Doc. 18, at 2.)

The Court's October 23, 2024 Order (the "Order") deemed the SAC the operative complaint and set a service deadline for December 3, 2024. (Doc. 23, at 6.) The Order also noted that the motion to dismiss was filed 37 days after Plaintiff filed his SAC. (Id. at 2.) The Order informed the Parties that:

> Federal Rule of Civil Procedure 4(m) affords plaintiffs ninety days after filing a complaint to serve process, to the extent that Plaintiff's mailing and emailing copies of the second amended complaint to Defendants Roundtree and Clayton's counsel did not comport with Rule 4, his time for properly serving these defendants had not yet run.

(Id.) Plaintiff responded to Defendants' motion to dismiss on October 23, 2024. (Doc. 24.) On July 28, 2025, Defendants filed a motion for summary judgment, and Plaintiff responded and objected to Defendants' statement of material facts on August 15, 2025. (Docs. 51, 54, 55.) Defendants replied on August 29, 2025. (Doc. 57.)

In this action, the Clerk of Court provided Plaintiff notice of the motion for summary judgment, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 52.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), have been

5

satisfied.   The issues have been thoroughly briefed and are now ripe for the Court's review.

## II. DISCUSSION

The Court first considers Defendants' motion to dismiss (Doc. 18) then their motion for summary judgment (Doc. 51).

### A. Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).   Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).   Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the – defendant – unlawfully – harmed - me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).   "Nor does a complaint suffice if it tenders 'naked

6

assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

Defendants move to dismiss all claims, arguing (1) Plaintiff's complaint was not filed in compliance with the Federal Rules of Civil Procedure; (2) Plaintiff has failed to effectuate service; (3) Plaintiff fails to state a claim against Defendant Roundtree in his individual capacity; and (4) Plaintiff fails to state a claim against Defendant Clayton. (Doc. 18, at 2-4.) The Court considers Defendants' procedural arguments before turning to Plaintiff's claims.

Defendants first argue Plaintiff's claims should be dismissed because (1) the SAC was not filed in compliance with the Federal Rules of Civil Procedure since Plaintiff did not seek leave to file; and (2) Plaintiff failed to effectuate service of process on the new Defendants. (Doc. 16, at 2-3.) Plaintiff argues that at the time of his response, his motion for leave to amend his complaint was still pending. (Doc. 24, at 2.) As to service,

7

Plaintiff states that after a decision is made on amendment, he "intends to file the summons and waiver with both [Defendants]," and "intends to use the [D]efendants' law firm address for service." (Id.)

The Court already found the SAC to be the operative complaint, so Defendants' first argument for dismissal is moot. (Doc. 23.) For the issue of service, the Order set a service deadline of December 3, 2024. (Id. at 6.) The record indicates that summonses were issued as to both Defendants on October 30, 2024, but there is no docket entry showing service was perfected. (Doc. 27.) Defendants again argue in their motion for summary judgment that as of July 28, 2025, they had not been served. (Doc. 51-2, at 2-3.) They also argue their actual notice of this lawsuit does not negate the service requirement. (Id.) Plaintiff argues the issue of service was not properly raised in a motion to dismiss, and Plaintiff's certified mail receipts support that service of process was sufficient. (Doc. 55, at 7.) Additionally, Plaintiff argues Defendants "were made aware of the [SAC]," not prejudiced by any filing, and had ample opportuniy to oppose the SAC. (Id. at 6-7.) In reply, Defendants argue (1) they did raise improper service in their motion to dismiss so the defense is not waived; (2) the docket does not show Plaintiff ever filed a waiver of service from Defendants; (3) Georgia law does not allow service by certified mail; and (4) Plaintiff fails to show Defendants received

8

the SAC and summons, as the certified mail receipts show items were mailed to non-parties and Defendants' attorney, which is not a permitted method of service, and Plaintiff does not demonstrate that any recipients were authorized agents to accept service on behalf of Defendants.  (Doc. 57, at 1-3.)

Federal Rule of Civil Procedure 4 contains a list of methods to serve process in federal court, such as:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).  A plaintiff can also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Plaintiff provides certified mail receipts to show proper service, however, mailing a summons with a pleading is insufficient under Rule 4.  See Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019) (per curiam) (explaining "[s]ervice by certified mail generally does not constitute 'delivery' under subsections of Rule 4" (citations omitted)); Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (finding the magistrate judge did not err in denying an entry of default when plaintiff failed to effect service by using certified mail).  Additionally,

9

Georgia law does not allow service by certified mail. <u>Cooley v. Ocwen Loan Servicing, LLC</u>, 729 F. App'x 677, 782 (11th Cir. 2018) (citing O.C.G.A. § 9-11-4(e)(7)). Here, Plaintiff provides a certified mail receipt addressed to Tameka Haynes, Defendants' counsel, among other non-parties. (Doc. 55-1, at 1-6.) The date of delivery to Attorney Haynes was November 7, 2024, which was before the service deadline. (<u>Id.</u> at 2.) However, even if it was asserted that Attorney Haynes is an authorized agent for Defendants, a position not argued by Plaintiff, it is immaterial. Neither Rule 4 nor Georgia law authorize service of process by mail; thus, "certified mail, even to an authorized agent, does not satisfy Rule 4's service requirements." <u>Thorpe</u>, 788 F. App'x at 647-48. Given this, the Court finds there is no showing the SAC and summons were properly served on Defendants.

Further, the SAC added two new Defendants that had not previously been a part of this lawsuit, so Plaintiff's argument that Defendants were already aware of the SAC is not particularly strong. Even if the new Defendants had notice of the lawsuit, the service deficiencies can not be excused because "[a] defendant's actual notice is not sufficient to cure defectively executed service." <u>Laurent v. Potter</u>, 405 F. App'x 453, 454 (11th Cir. 2010) (per curiam) (citation omitted); <u>see also</u> <u>Griffin</u>, 2023 WL 129416, at *2 (rejecting "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4"). Therefore,

10

Defendants' knowledge of the suit and opportunity to respond does not negate the service requirements, and certified mail is not a permitted service method under Rule 4 or Georgia law.

The Court acknowledges Plaintiff's *pro se* status during the service timeframe.  While generally courts are to give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit "nevertheless ha[s] required them to conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 828-29 (11th Cir. 2007) (per curiam) (citation omitted).  Importantly, the Order gave notice to Plaintiff by explaining that Defendants asserted improper service as a defense in their motion to dismiss, but that the deadline to perfect service on the SAC was December 3, 2024, which had not yet run.  (Doc. 23, at 5-6.)  Even after this explicit guidance from the Court, Plaintiff did not show he perfected service or that Defendants waived service before December 3, 2024.

Given the reasons set forth above, the Court finds Plaintiff did not properly serve Defendants, and as a result, the Court lacks personal jurisdiction over Defendants such that Defendants' motion is **GRANTED** and Plaintiff's claims must be dismissed.

## B.  Motion for Summary Judgment

Because Defendants' motion to dismiss was granted as to all claims, the Court does not analyze Defendants' motion for summary judgment.

## III. CONCLUSION

Based on the foregoing, Plaintiff's notice of voluntary dismissal (Doc. 25) and motion to dismiss (Doc. 40) are **DENIED AS MOOT** and Defendants' motion to dismiss (Doc. 18) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA