IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

NOV 13 2026

FILED

QUINCY J. CANNON,

Plaintiff,

v.

SHERIFF RICHARD ROUNDTREE and CHIEF DEPUTY PATRICK CLAYTON,

Defendants.

CV 124-035

**O R D E R**

Before the Court is Plaintiff's motion to reconsider the Court's March 9, 2026 Order (Doc. 58) granting Defendants Richard Roundtree and Patrick Clayton's motion to dismiss. (Doc. 60.) For the following reasons, Plaintiff's motion is **DENIED.**

## I. LEGAL STANDARD

While a court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60, Rule 59 governs motions for reconsideration filed within twenty-eight days of the court's order. Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Plaintiff filed his motion twenty-one days after the Court's March 9, 2026 Order; thus, the Court analyzes the motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted) (alteration adopted).

## II. DISCUSSION

The relevant facts are set forth in the Court's March 9, 2026 Order. (Doc. 58, at 2-5.) In his motion, Plaintiff first argues the Court should analyze his motion under Federal Rule of Civil Procedure 41(b) instead of Rule 59(e) because there has not been an adjudication on the merits. (Doc. 60, at 4.) However, as Defendants point out, Rule 41 does not provide a mechanism for reconsidering a prior court order. (Doc. 61, at 3); FED. R. CIV. P. 41(b). Rather, Rule 59(e) clearly applies, so Plaintiff must put forth a change in law, new evidence, or the need to correct clear error or prevent injustice. Schiefer, 2007 WL 2071264, at *2.

Plaintiff suggests that "[b]ased on information and belief, it is likely new evidence exists to demonstrate conclusively that

Defendants' summonses were served, perfected, or the equivalent accomplished before the December 2024 deadline." (Doc. 60, at 12.) However, Plaintiff does not present any newly discovered evidence, nor does he give any indication of what that evidence would be. When Plaintiff responded to Defendants' motion for summary judgment, he had the opportunity to present evidence establishing proper service – however, Plaintiff only submitted copies of return receipts for certified mailings sent to non-parties. (Doc. 61, at 3; Docs. 55, 55-1.) As explained in the Court's March 9, 2026 Order, these receipts do not show proper service, and Plaintiff has given no reason to think there is other new evidence. (Doc. 58, at 10.)

Furthermore, Plaintiff repeatedly argues that dismissal with prejudice is not appropriate in this case. (Doc. 60, at 7-10.) However, the Court's March 9, 2026 Order did not dismiss this case with prejudice. (Doc. 58.) Under Rule 41(b), "[u]nless the order states otherwise," an involuntary dismissal, "*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b) (emphasis added). Furthermore, Rule 4(m), governing summons and service, notes that if a defendant is not served within the appropriate time, the court "must dismiss the action *without* prejudice." FED. R. CIV. P. 4(m) (emphasis added). Put simply, "[u]nder the Federal Rules of Civil Procedure, a dismissal for lack of jurisdiction operates as a dismissal without prejudice if

the order does not indicate otherwise." Dupree v. Owens, 92 F.4th 999, 1008 (11th Cir. 2024) (citing FED. R. CIV. P. 41(b)).

The Court dismissed this action because Plaintiff failed to serve Defendants properly — thus, the dismissal was for lack of jurisdiction. Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (citation omitted) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.")). Notably, the Court's March 9, 2026 Order did not state the dismissal was with prejudice. (Doc. 58, at 12.) Therefore, Plaintiff's complaint was dismissed *without* prejudice, and Plaintiff's arguments regarding dismissal with prejudice are moot.

Finally, Plaintiff seems to imply the dismissal led to injustice because he was proceeding *pro se* for part of this litigation. (Doc. 60, at 1-2, 3 n.3, 7-9.) However, the Court has already addressed Plaintiff's *pro se* status. In the Court's March 9, 2026 Order, the Court "acknowledge[d] Plaintiff's *pro se* status[,]" but highlighted that "[w]hile generally courts are to give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit 'nevertheless ha[s] required them to conform to the procedural rules.'" (Doc. 58, at 11 (quoting Albra v. Advan, Inc., 490 F.3d 826, 828-29 (11th Cir. 2007) (per curium) (citation omitted)).) The Court also gave Plaintiff clear guidance while he was unrepresented, telling him unequivocally to perfect service by the December deadline. (Doc. 23, at 5-6; Doc. 58, at

11.) Additionally, Plaintiff's case was not dismissed with prejudice, so he is not precluded from pursuing adjudication on the merits. Thus, the Court does not find any injustice warranting reconsideration of its March 9, 2026 Order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 60) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this 13th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA